## COMMONWEALTH *vs.* JULIA LYNCH.

It is no ground of arresting judgment in an appellate court, that the defendant was required by the court below, as a condition of his appeal, to give a recognizance not required by law.

COMPLAINT to a justice of the peace in Middlesex for a sale of intoxicating liquor in violation of *St.* 1855, *c.* 215, § 15. The justice found the defendant guilty, and, on her appealing to the superior court, took a recognizance of another person as principal for her, with sureties. The defendant, being again convicted in that court at October term 1859, moved in arrest of judgment, that the recognizance had not been taken from herself as principal, and therefore the superior court had no jurisdiction of the case. *Rockwell,* J. overruled the motion, and the defendant alleged exceptions.

*T. H. Sweetser & W. S. Gardner,* for the defendant, cited Rev. Sts. *c.* 138, § 1 ; *St.* 1855, *c.* 215, § 32 ; *Mc Call* v. *Parker,* 13 Met. 372, and cases cited ; *Commonwealth* v. *Dunham,* 22 Pick. 16, 17 ; *Commonwealth* v. *Richards,* 17 Pick. 295 ; *Commonwealth* v. *Brigham,* 16 Pick. 10.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. It is true that the superior court could obtain jurisdiction of the cause only after and upon an appeal by the defendant from a judgment against her by the justice of the peace to whom the complaint and warrant were returned. The record shows and the defendant admits that there was such a conviction and such an appeal; but she insists that the appeal was ineffectual and nugatory because it was allowed by the magistrate only upon a condition which he had no lawful right to impose. It is however unnecessary under the circumstances of this case to consider whether the magistrate did in this respect exceed his judicial power in receiving of the defendant, as preliminary to the allowance of her appeal, a recognizance not authorized by law ; for she complied with the requirement and her appeal was allowed. It was duly entered in the superior court, and she then had all the benefits and advantages secured to her by law before that tribunal. She had, upon conviction before the justice of the peace, an undoubted right to appeal from his judgment; and her appeal could not lawfully be embarrassed by imposing upon her any condition to be complied with before its allowance, not warranted by the statutes regulating the enjoyment of that right. The question which she now makes would necessarily have arisen if, after claiming her appeal, she had offered to do all that the statutes require, and yet had refused to comply with an order respecting it, which she insisted was illegal. The court would in such case have been called upon to determine upon the legality of the order, and of her right under such circumstances to prosecute her appeal. But here it was in fact allowed. If she has any cause of complaint it is not that she has been deprived of the benefit of it, but that she was subjected to undue responsibility and inconvenience in order to secure it. But her appeal having been duly

claimed, and recognized and allowed by both courts as her right, and she having availed herself of it fully in the appellate court, where it was legally cognizable, she has no cause for saying that the proceedings were then erroneous or void for want of jurisdiction.                    *Exceptions overruled.*